TINNERMAN PRODUCTS, Inc.

v.

GEORGE K. GARRETT COMPANY, Inc.

Civ. A. No. 18190.

United States District Court
E. D. Pennsylvania.

Jan. 21, 1958.

Woodcock & Phelan, Philadelphia, Pa., Bates, Teare & McBean, Cleveland, Ohio, James R. Morford, Wilmington, Del., for plaintiff.

Young & Wood, Wilmington, Del., Leonard L. Kalish, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

While the general principles stated in Ordnance Gauge Company v. Jacquard Knitting Machine Co., Inc., D.C., 21 F.R.D. 575, apply to this case, the record presents one factor which differentiates it. The suit, charging infringement of four patents, was commenced August 27, 1954, in the District of Delaware. On September 17, 1954, the defendant filed its answer and counterclaim. The counterclaim asks for judgment of invalidity of the plaintiff's patents including one not declared upon in the complaint. It also asks for judgment against the plaintiff for violation of the antitrust laws with a prayer for treble damages. The case was transferred to Philadelphia in December 1954. Thereafter various motions and pleadings were filed until May 1955. Since that time nothing has been done by either party. Although the discretion to dismiss the action for want of prosecution is exercised largely as a part of the general policy of the courts to expedite litigation, it also inures to the benefit of the defendant who thereby defeats a claim asserted against him by the plaintiff. In the present case, the parties are equally in default and I think it would be unfair if the defendant should reap the benefit of the plaintiff's neglect when his own has been just as great. The counterclaim, although filed in the above captioned case, is in reality an entirely separate and distinct lawsuit. There is no reason why the defendant could not have ordered the case for trial at any time it wished after its transfer to Philadelphia.

The plaintiff in the Ordnance Gauge case, supra, presented practically the same argument, namely, that the defendant could have brought the case to trial but failed to do so, but the difference is that in the Ordnance Gauge case the defendant was not prosecuting a case against the plaintiff at the same time. I see no reason why the party who was sued and has no counterclaim against the plaintiff should take any steps to subject himself to the expense and inconvenience of a trial if the plaintiff's neglect is such as to give the defendant the hope or expectation that the case will never be tried.

The motion to dismiss is denied.