**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN LANDS ON HATTERAS IS-LAND, KINNAKEET AND HATTER-AS TOWNSHIPS, DARE COUNTY, NORTH CAROLINA, Frank E. Britton, et al., and Unknown Owners, Defendants.**

**Civ. No. 263.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.

March 19, 1968.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., by William S. McLean, Asst. U. S. Atty., for plaintiff.

McCown & McCown, Manteo, N. C., for defendants.

## OPINION and ORDER

LARKINS, District Judge:

### SUMMARY

This is a condemnation proceeding instituted by the United States of America on August 15, 1955 pursuant to 40 U.S. C.A. Sec. 258a. Jurisdiction is vested in this Court by 28 U.S.C.A. Sec. 1358. The land in question was condemned to establish the Cape Hatteras National Seashore Recreational Area. The land is located in Dare County, North Carolina within the boundaries of the Eastern District of North Carolina. 28 U.S. C.A. Sec. 113; 28 U.S.C.A. Sec. 1403.

The late Don Gilliam, United States District Judge for the Eastern District of North Carolina, entered final judgments and orders of distribution on Tracts Nos. 263, 264 and 265 of the land in question on May 8, 1956, December 12, 1955, and May 8, 1956, respectively.

Now before the Court is the motion of the defendant Noah E. Price, filed August 30, 1963, for a rehearing as to Tracts Nos. 263, 264 and 265, in order that the defendant Price might show that he is, in fact, the true and rightful owner of these tracts and is entitled to compensation for their taking.

The plaintiff has opposed the motion. The Court has heard oral argument and counsel have submitted briefs.

### FINDINGS OF FACT

On August 17, 1955, the plaintiff filed amended complaint No. 7 to condemn additional tracts of land for the Cape Hatteras National Seashore Park Project. Tracts Nos. 263, 264 and 265, as shown on the map of the Cape Hatteras National Seashore Recreational Area, were three of the additional tracts described therein. These tracts are near Avon on Hatteras Island, Dare County, North Carolina. They adjoin Tract No. 262 in which the defendant Price formerly owned an interest. The Government does not dispute the interest of the defendant Price in Tract No. 262. The claim of the defendant Price includes Tracts Nos. 262, 263, 264 and the northern portion of Tract No. 265. The Government asserts that Tracts Nos. 263, 264 and 265 have been closed out with other claimants who have proved their title and have been fully paid.

Tracts Nos. 262, 263, 264 and 265 are numbered serially from North to South, each succeeding tract being adjacent to the preceding one. The ocean beach runs approximately North and South and each tract runs westward therefrom,

between parallel lines, to a depth of approximately 2,500 feet. The plaintiff has condemned, however, only the ocean fronts to a depth of 500 feet. The widths of the tracts are as follows: Tract No. 262—239.5 feet, Tract No. 263—239.5 feet, Tract No. 264—approximately 169 feet, Tract No. 265—290 feet, for a total width of 938 feet (measured along the beach from the north line of Tract No. 262 to the south line of Tract No. 265). Defendant Price's claim extends southward from the North line of Tract No. 262 a distance of 720 feet; thus, the defendant Price contends that he was the former owner of Tracts Nos. 262, 263 and 264 and a strip of land 72 feet in width off the north side of Tract No. 265. Although the defendant Price mentioned Tract No. 260 in his motion, he is not asking for a rehearing as to that tract.

Amended complaint No. 7 named the ostensible owners of the tracts being condemned. Among the former owners or persons who may have claimed an interest in the additional tract, and named as additional defendants therein were Noah E. Price, and wife, if any; James W. McMullan, and wife, if any; Goodrich Williams, and wife, if any; and C. T. Williams, and wife, if any.

Declaration of taking No. 17 was also filed on August 17, 1955. It described the same tracts as those listed in amended complaint No. 7. Estimated just compensation was deposited by the plaintiff in the registry of the Court when the declaration of taking was filed.

Notice of amended complaint No. 7 was also filed on August 17, 1955, addressed to Noah E. Price and wife, if any; Goodrich F. Williams and wife, if any; James W. McMullan and wife, if any; and C. T. Williams and wife, if any, as well as to other additional defendants. Personal service of the notice of amended complaint No. 7 was obtained on Noah E. Price and wife by the United States Marshal on October 10, 1955.

Tract No. 263: This tract was calendared for hearing at the April 2, 1956 regular term of the United States District Court for the Eastern District of North Carolina at Elizabeth City, North Carolina. The defendant Price was notified of this hearing by a letter addressed to the defendant Price, dated March 26, 1956, by Clyde E. Gooch, Esquire, Trial Attorney, United States Department of Justice. The defendant Price appeared at that term of Court. However, he asserted no interest in this tract when the Court, after hearing evidence of title of Goodrich F. Williams and wife, inquired if there were any other parties present who desired to claim any interest in the tract. On May 4, 1956, Judge Gilliam signed an order, filed on May 8, 1956, reciting that Goodrich F. Williams and wife, Jeanie Williams, were the owners of this tract, that all other parties to the action had been served with notice of the hearing and had failed to respond, and directed the Clerk to pay to Goodrich F. Williams and wife, Jeanie Williams, and the Dare County Tax Collector the amount deposited by the plaintiff with the Clerk. By check dated May 9, 1956, the Clerk made payment to the parties named in Judge Gilliam's order.

Tract No. 264: On December 8, 1955, Judge Gilliam ordered a full and complete distribution to James W. Scarborough and James B. McMullan and wife, Bettie H. McMullan of the amount that they had agreed to accept in full payment for the taking of this tract and other tracts not involved in this motion for rehearing. The order recited a Torrens proceeding (N.C.Gen.Stat. Chap. 43) in the Superior Court of Dare County, North Carolina, in which Scarborough and McMullan had perfected their title, and had registered it. On the strength of such title evidence, Judge Gilliam in an order dated December 8, 1955, filed December 12, 1955, directed the Clerk to pay to Scarborough and the McMullans the amount deposited by the plaintiff with the Clerk. By check dated January 5, 1956, the Clerk made payment to the parties named in Judge Gilliam's order. Judge Gilliam signed

this order approximately two months after personal service of notice upon the defendant Price and after the defendant Price had failed to file any responsive pleading or to otherwise appear in the action within twenty (20) days as required by the notice served upon him and by the provisions of the Federal Rules of Civil Procedure. It appears that the defendant Price does not claim all of the land comprising this tract.

Tract No. 265: This tract was calendared for hearing at the April 2, 1956 Regular Term of the United States District Court for the Eastern District of North Carolina at Elizabeth City, North Carolina. The defendant Price was notified of this hearing by a letter addressed to him dated March 26, 1956, by Clyde E. Gooch, Esquire, Trial Attorney, United States Department of Justice. The defendant Price appeared at that term. However, he asserted no interest in this tract when the Court, after hearing evidence of the title of C. T. Williams and wife, inquired if there were any other parties present who desired to claim any interest in said tract. On May 4, 1956, Judge Gilliam entered an order, filed May 8, 1956, reciting that C. L. Williams and wife, Iantha Williams, were the owners of this tract, that all other parties to the action had been served with notice of the hearing and had failed to respond, and directed the Clerk to pay to C. L. Williams and wife, Iantha Williams, the amount deposited by the plaintiff with the Clerk. By check dated May 9, 1956, the Clerk made payment to the parties named in Judge Gilliam's order.

Although the defendant Price made no formal appearance in this action until after the entry of judgments as to the three tracts in question, he did correspond with various persons and governmental agencies concerning the tracts of land in which he claimed an interest, and it was known to them that the defendant Price claimed an interest in Tract No. 262 prior to any distribution of awards for Tracts Nos. 263, 264 and 265. However, at the time judgments were entered as to Tracts Nos. 263, 264 and 265 the plaintiff was not aware of, nor had any notice of, the defendant Price's claim of any interest in Tracts Nos. 263, 264 and 265. It was not until after final judgments had been entered as to those tracts and after the defendant Price's letter dated June 12, 1956, addressed to Clyde Gooch, Esquire, United States Department of Justice, Salisbury, North Carolina, had been received that the plaintiff became aware of the defendant Price's claim of a tract of land which had 720 feet of ocean frontage and which tract lapped over into Tracts Nos. 263, 264 and 265.

During a Special Term of the United States District Court for the Eastern District of North Carolina which commenced on July 30, 1956, at Bodie Island, Dare County, North Carolina, Tract No. 262 was calendared for hearing. At that time the defendant Price explained to Judge Gilliam that his claim exceeded the area designated as Tract No. 262 by the plaintiff. Upon being advised by Judge Gilliam to retain counsel, the defendant Price employed Wallace McCown, Esquire, of the Dare County Bar. Mr. McCown appeared before Judge Gilliam at that term and explained the claims of his client. No action was taken by the Court at that time.

By letter dated August 11, 1956, Mr. McCown requested Judge Gilliam to set aside the judgments previously entered as to Tracts Nos. 263, 264 and 265, and urged the Court to allow a rehearing to determine the ownership of these tracts. On August 20, 1956, Judge Gilliam replied in part:

"* * * I am of the opinion that your request should be allowed, and, therefore, judgments in all of these cases are being withheld until a rehearing has been had."

On December 2, 1957, upon the motion of the defendant Price, Judge Gilliam ordered a survey of the tracts in question. The record is bare of any other order entered by the Court concerning the claim of the defendant Price

between the time of Judge Gilliam's letter and August 30, 1963.

On August 30, 1963, the present motion for rehearing as to the three tracts in question was filed. On January 25, 1965, the Court heard the oral arguments of counsel with reference to that motion.

Although the defendant's counsel and the plaintiff's counsel corresponded concerning the matter between October 5, 1956 and March 11, 1958, neither the defendant nor his counsel made any effort to bring this matter before a United States District Judge between March 12, 1958 and the week of August 19, 1963. There was no record on file from which one would have been able to ascertain prior to the filing of the present motion on August 30, 1963, that a rehearing was under consideration. No order has ever been entered by any United States District Judge ordering a rehearing as to Tracts Nos. 263, 264 and 265, and filed by the Clerk as a part of the record in this action.

## CONCLUSIONS OF LAW

■ This Court is of the opinion that Judge Gilliam's letter of August 20, 1956 did not grant to the defendant Price a rehearing as to Tracts Nos. 263, 264 and 265.

The "opinion" expressed in Judge Gilliam's letter was based upon facts that did not exist at the time that the letter was written. The judgments and final orders of distribution as to Tracts Nos. 263, 264 and 265 had been filed and complied with by the Clerk several months prior to August 20, 1956. There was no way for a federal judge to withhold these judgments. It was upon the premise that the judgments could be withheld that Judge Gilliam wrote the letter in question. This premise, being without foundation in fact, any effect of the opinion expressed by Judge Gilliam was vitiated. That the judgments could not be withheld because they had already been filed and complied with was a fact which the defendant's counsel should have known or, if not known,

was a fact which he had a duty to ascertain before he could, in good faith, place reliance upon the opinion expressed in Judge Gilliam's letter.

■ By using the word "withheld", Judge Gilliam did not order that the judgments previously entered be set aside. It is apparent that it was his intention that the effects of those judgments be temporarily suspended and not totally and finally set aside. United States v. Dumus, 149 U.S. 278, 13 S.Ct. 872, 37 L.Ed. 734 (1893). It appears to this Court, it was Judge Gilliam's intent, therefore, that the defendant Price and the plaintiff be given an opportunity to present their arguments upon this motion at a future session of the Court. Judge Gilliam merely sought to give the defendant Price "his day in court" and not to order, at that point in time, a rehearing. It should be pointed out again that the official record of this case is bare of any order signed by Judge Gilliam ordering a rehearing. This Court finds it hard to believe that Judge Gilliam would set aside judgments previously entered by him without entering such an order into the official record of this case.

The correspondence of the plaintiff's counsel and the defendant's counsel from October 5, 1956 to March 11, 1958 is not of itself sufficient to conclude otherwise. The interpretation and intent of Judge Gilliam's letter was not a matter which counsel could determine. It is a matter for the determination of this Court. The entry by Judge Gilliam in December 1957 of the order of survey does not lead to the conclusion that he had ordered a rehearing. Such procedure was without effect upon the motion for a rehearing. It was a step in preparation for the Court's consideration of the motion to rehear. The defendant Price's claim was based upon calls in a deed and it could not be said with certainty that the land he claimed lapped over onto Tracts Nos. 263, 264 and 265 until a survey had been made. Indeed, the defendant Price's act of entitling his motion of August 30, 1963

as a "Motion For Rehearing" and the language contained therein supports the conclusion of this Court that Judge Gilliam did not intend his letter to be an *order* granting a rehearing.

Having thus concluded that it was Judge Gilliam's intent that the defendant Price be heard only upon his *motion* for a rehearing, a hearing upon that motion was held on January 25, 1965. This Court is of the opinion that the defendant Price's motion is without merit.

■ The Court has already found that the defendant Price was personally served with notice on October 10, 1955; that he failed to answer, reply, or otherwise plead as to Tracts Nos. 263, 264 and 265 within twenty (20) days as required by that notice or prior to the entry of a final order as to Tract No. 264; that he was notified of the hearings to be held in April of 1956 as to Tracts Nos. 263 and 265; that he was present during those hearings and failed to assert, upon inquiry by the Court, any claim to those tracts; and that the plaintiff was not aware of the defendant Price's claim to Tracts Nos. 263, 264 and 265 until June 12, 1956 after final orders had been entered and complied with as to each of these tracts. It is clear that the defendant Price had knowledge from the time of the service of the complaint upon him of the plaintiff's intent to condemn the tracts in question, or should have had knowledge of that intent; and, that he failed within a reasonable and proper time to assert any claim to those tracts. Such conduct worked as a waiver of his right to claim title to the tracts in question and estops him from successfully moving to have a rehearing as to those tracts. Connecticut General Life Insurance Co. v. Hartshorn, 238 F.2d 417 (9th Cir., 1956); Hyun v. Landon, 219 F.2d 404 (9th Cir., 1955), affirmed, 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856 (1956), rehearing denied, 351 U.S. 928, 76 S.Ct. 777, 100 L.Ed. 1457 (1956); In re Euclid Doan Co., 104 F.2d 712, 715 (6th Cir., 1939), certiorari denied, sub nom.

National City Bank of Cleveland v. Euclid Doan Co., 308 U.S. 619, 60 S.Ct. 291, 84 L.Ed. 517. The conclusion is strengthened by the inescapable fact that the means of asserting his claims were clearly available to the defendant. In re Euclid Doan Co., supra.

■■ Assuming arguendo that Judge Gilliam's letter had the legal effect of ordering a rehearing, the defendant Price's laches in failing to bring this matter before the Court until August, 1963, bars such a rehearing. Laches, an equitable defense, has application to this case because a condemnation proceeding is, in part, an equitable proceeding. Bullen v. De Bretteville, 239 F.2d 824 (9th Cir., 1956), certiorari denied, sub nom. Treasure Co. v. Bullen, 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957).

■■ The record is bare of any evidence indicating that the defendant attempted to bring this matter to the attention of the United States District Court for the Eastern District of North Carolina from March 12, 1958 to the week of August 19, 1963—a period of five and one-half years. Notwithstanding Judge Gilliam's illness and resulting retirement on March 16, 1959, the federal courts of this district were not closed during that illness or prior to the appointment of his successor, Judge Algernon L. Butler, on August 31, 1959. Before and during Judge Gilliam's illness and prior to Judge Butler's appointment, visiting members of the federal judiciary conducted sessions of this Court in this District. Yet the defendant Price did not seek to bring this matter before any of the visiting judges, before Judge Butler or before me (following my appointment in August, 1961) until the week of August 19, 1963. The defendant Price did not file with the Clerk any indicia from which one might determine from the records on file with the Clerk that a rehearing was to be held as to any of these tracts. The doors of the courthouse were never closed to the defendant Price. Nevertheless, he failed to take any action for five and one-half

years to bring about a rehearing. The burden of keeping track of cases and attempting to gain a final determination of the same is not the burden of the Court. It is, however, the burden of the moving party—in this case, the defendant Price. Bendix Aviation Corp. v. Glass, 32 F.R.D. 375 (E.D.Pa.1961), affirmed, 314 F.2d 944 (3rd Cir., 1963), certiorari denied, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963). That other cases in this district and other litigation arising from this same condemnation action were not brought before the Court during that time does not excuse the defendant's inaction. Each case and each piece of litigation arising out of a condemnation action must "stand on its own bottom." The rehearing which concerns this Court was delayed for no good and sufficient reason. The defendant did not use any degree of diligence in seeking a determination as to the rehearing. It is not so important that it was not brought before the Court for five and one-half years as it is that the defendant did not even try to bring it before the Court during that period. This delay prejudiced the plaintiff in that it was unable to reach a final conclusion as to the three tracts involved. This delay prejudiced those parties who were found by this Court in 1955 and 1956 to be entitled to compensation for the taking of the three tracts. As time passed, their reliance upon the judgments entered became such that to set them aside would be to cause undue hardship when, in fact, the plaintiff at the outset took proper steps to bring all claimants before the Court. The actions of the defendant Price in failing to even attempt to bring the matter of a rehearing before this Court for five and one-half years constitute such laches as to bar a rehearing as to Tracts Nos. 263, 264 and 265. Czaplicki v. "The S. S. Hoegh Silvercloud", 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); Sidebotham v. Robison, 216 F.2d 816 (9th Cir., 1955); Florence-Mayo Nuway Co. v. Hardy, 168 F.2d 778 (4th Cir., 1948); Barnhart v. Western Maryland Ry. Co.,

128 F.2d 709 (4th Cir., 1942), certiorari denied, 317 U.S. 671, 63 S.Ct. 75, 87 L.Ed. 538; In re Stilwell, 120 F.2d 194 (2nd Cir., 1941).

■ Additionally, assuming *arguendo* that Judge Gilliam's letter had the legal effect of ordering a rehearing, the defendant's failure to prosecute such a rehearing for five and one-half years is such that this Court would sua sponte dismiss the action pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. It is true that such motions are not ordinarily granted against a defendant. However, the defendant in a condemnation action is endowed with all the characteristics of a plaintiff in a conventional action and is, therefore, subject to such dismissal. United States v. City of Jacksonville, Arkansas, 257 F. 2d 330 (8th Cir., 1958). Particularly is this true in the instant case, where the defendant Price is the only party that stands to gain by a rehearing, if at all then. The Court's power to dismiss sua sponte for lack of prosecution is an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), rehearing denied, 371 U.S. 873, 83 S.Ct. 115, 9 L. Ed.2d 112.

■ The record is bare of any evidence that the defendant Price sought in any way to bring about a rehearing for five and one-half years. "Failure to prosecute" does not mean that the defendant Price must have taken positive steps to delay the rehearing or to prevent it from being reheard by the operation of the regular machinery of the Court. Indeed the record is bare of such evidence. It is sufficient, however, for a dismissal for "failure to prosecute" if counsel, as in this action, does nothing, knowing that until something is done there will be no rehearing. Bendix Aviation Corp. v. Glass, 32 F.R.D. 375 (E.D.Pa.1961), affirmed, 314 F.2d 944 (3rd Cir., 1963),

certiorari denied, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).

It is not the duty of the judge or other court officials familiar with the docket to contact various counsel and require them to go to him, though the power to do so is inherent. Nor was the plaintiff under any duty to take steps to bring about the rehearing. The rehearing was for the exclusive benefit of the defendant Price. Upon him rested the burden of securing or attempting to secure that rehearing. Absent such efforts or attempts, as in this action, the rehearing should be dismissed for a failure to prosecute. Bendix Aviation Corp. v. Glass, 32 F.R.D. 375 (E.D.Pa.1961), affirmed, 314 F.2d 944 (3rd Cir., 1963), certiorari denied, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).

### ORDER

It is, therefore, ordered that the motion for rehearing filed by the defendant, Noah E. Price, be, and the same is hereby denied.

It is further ordered that the Clerk serve a copy of this opinion and order upon all counsel of record.

Let this order be entered forthwith.