In re UNITED MERCHANTS AND MANUFACTURERS, INC., et al., Debtors.

UNITED MERCHANTS AND MANUFACTURERS, INC., Plaintiff–Appellant,

v.

SPARE PARTS, Scott Louis, Inc., Topson Downs of California, Inc., Ms. Tops of California, Inc., Mona Lee of California, and Oops, Inc., Defendants–Appellees.

No. 87 Civ. 8560 (PKL).

United States District Court, S.D. New York.

May 20, 1988.

Stroock & Stroock & Lavan, New York City (Alvin K. Hellerstein, Edward Tessler, Linda Riefberg, Andrew Lachow, of counsel), for plaintiff-appellant.

Anderson Russell Kill & Olick, P.C., New York City (Andrew P. Brozman, of counsel), for defendants-appellees.

## OPINION AND ORDER

LEISURE, District Judge:

This is an appeal pursuant to section 158(a) of Title 28 of the United States Code and Rule 8001(a) of the Bankruptcy Rules from a decision and final order of Honorable Cornelius Blackshear, United States Bankruptcy Judge for this District, dismissing the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

On July 12, 1977, United Merchants and Manufacturers, Inc. ("UMM") and its domestic subsidiaries (the "Debtors") commenced Chapter XI proceedings in the United States Bankruptcy Court for the Southern District of New York, seeking relief under the Bankruptcy Act of 1898. UMM was engaged in the factoring of accounts receivable through its United Factors division and later through its subsidiary United Factors, Inc. The defendants-appellees (hereinafter "defendants") were among UMM's clients, and had entered into factoring agreements with UMM between 1962 and 1976. Shortly after the commencement of Chapter XI proceedings, the business of Factors was sold to Crocker National Bank ("Crocker"), and defendants continued to do business with Crocker.

On June 30, 1978, the Bankruptcy Court confirmed the Debtors' consolidated reorganization plan, released the Debtors from all dischargeable debts, and enjoined creditors from instituting or continuing any action to collect such discharged debts. On July 2, 1981, defendants filed an action against UMM in the Central District of California. UMM claims that the Califor-

nia action was based on the contracts that had been discharged in the Bankruptcy proceeding. In response to the California action, UMM filed an adversary proceeding in the Bankruptcy Court along with a motion to enjoin the prosecution of the California action and a motion to hold defendants in contempt.

By Stipulation and Order dated December 16, 1981 and "so ordered" by Bankruptcy Judge Roy L. Babitt on December 18, 1981, the parties in the adversary proceeding agreed that the California action would be discontinued without prejudice and that the statute of limitations in the California action would be tolled, should defendants reassert their claim there. The Stipulation also provided that plaintiff would withdraw its pending motion for a preliminary injunction, and that UMM and defendants would engage in discovery "under such procedures to be determined through consultation between counsel...." 12/18/81 Stipulation ¶ 4, A.92 (Appendix at page 92). The final paragraph of the stipulation provided:

> If and when this Court determines that the claims asserted by Defendants in the California Action, or any of them, have not been discharged, Plaintiff agrees that such claims, or any of them, may be reinstituted against Plaintiff in the United States District Court for the Central District of California.

*Id.* at ¶ 5.

The Stipulation was filed and the California action was discontinued. Nothing further occurred in Bankruptcy Court.

In December of 1982, the plaintiffs in the California action commenced another action against Crocker, alleging breach of contract and fraud on the same factoring agreements that Crocker took over from Factors. Plaintiffs in that action engaged in extensive discovery. In the meanwhile, no discovery was done by either side in the adversary proceeding.

On March 3, 1987, defendants moved to dismiss the adversary proceeding for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The motion was argued on May 5, 1987, before Judge Blackshear. On October 14, 1987, Judge Blackshear granted the motion and dismissed the action with prejudice.

## DISCUSSION

Dismissal pursuant to Rule 41(b) is a matter committed to the sound discretion of the trial Court. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). The Second Circuit has often noted, however, that dismissal is a "harsh remedy to be utilized only in extreme situations." *See, e.g., Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam).

The Second Circuit has stated the factors that it considers in reviewing a dismissal for lack of prosecution:

> When reviewing a district court's decision to dismiss an action under Rule 41(b), we "assess the dismissal in light of the record as a whole" and consider the following factors: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'taken care to "strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard,'" and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Alvarez v. Simmons Market Research Bureau Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (quoting *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983)).

As to the first factor, the duration of plaintiffs' delays, the Court below found that plaintiff did absolutely nothing in five and one half years to move the action along. Indeed, at oral argument before the Bankruptcy Court, Judge Blackshear commented that "[s]ince the date of this stipulation, December 16, 1981, nothing has been done as far as discovery, as far as going forward with the Summons and Complaint action." A.32. Mr. Hellerstein, counsel for UMM responded, "Zero."

■ Mr. Hellerstein argued before Judge Blackshear and again before this Court that dismissal for failure to prosecute is inappropriate because UMM was a "nominal" plaintiff only. UMM asserts that the burden of proceeding in the Bankruptcy Court was, at least in part, on defendants because they could not do anything further in the California action until the adversary proceeding was terminated. In response to that contention, Judge Blackshear found that "UMM initiated this adversary proceeding and therefore has the duty to prosecute this case diligently." A. 15. Defendants contend that, to paraphrase Gertrude Stein, "a Plaintiff is a Plaintiff is a Plaintiff," and because UMM is the plaintiff, it has the burden of proceeding.

The Court finds that the burden was properly plaintiff's, and plaintiff willingly chose not to prosecute this action. Plaintiff cites *United States v. Certain Lands, Etc., Dare County, N.C.,* 282 F.Supp. 564 (E.D.N.C.1968), in support of its argument that the decision of a Rule 41(b) motion should not turn on "wooden presumptions about who should have the burden to prosecute." Brief of Plaintiff–Appellant at 19. The court there held that "the defendant in a condemnation action is endowed with all the characteristics of a plaintiff in a conventional action and is, therefore, subject to [Rule 41(b)] dismissal." *Dare County,* 282 F.Supp. at 570. But *Dare County* does not support plaintiff's position. Judgment had already been entered in the case in favor of the plaintiff, and plaintiff had thus discharged its burden of prosecution. Indeed, *Dare County* favors the defendants in this case. The sentence from *Dare County* that UMM relies on should be read in context with other language in the same paragraph:

> the defendant's failure to prosecute such a rehearing for five and one-half years is such that this Court would sua sponte dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

*Id.*

Nor does *Tinnerman Products, Inc. v. George K. Garrett Co.,* 22 F.R.D. 56 (E.D. Pa.1958), support plaintiff's argument. In that case, defendant had asserted counterclaims, and thus bore the burden of prosecuting those claims. No counterclaims were asserted in this case. In the adversary proceeding, plaintiff was the only party seeking relief. Under these circumstances, plaintiff can hardly be heard to complain that dismissal is unfair when it results from its own wilful delay.

■ As to the second factor mentioned by the Second Circuit, whether plaintiff received notice that further delays would result in dismissal, it is true that plaintiff did not receive any notice until defendants' Rule 41(b) motion was brought. But there is no requirement that prior notice be given, *Link v. Wabash,* 370 U.S. at 633, 82 S.Ct. at 1390, although consideration of the lack of prior notice would not have been improper. *Finley v. Parvin/Dohrmann Co.,* 520 F.2d 386, 392 (1975).

■ The third factor relevant to this inquiry is whether the defendants are likely to be prejudiced by further delay. Judge Blackshear held that prejudice may be presumed from a delay of five years. Such a presumption is proper. *See Messenger v. United States,* 231 F.2d 328, 331 (2d Cir. 1956); *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982); *Washington v. Walker,* 734 F.2d 1237, 1239 (7th Cir. 1984). This Court notes, however, that defendants have cited no instance of actual prejudice, although given an opportunity to do so at oral argument.

■ UMM argues that it is entitled to its day in court, and that dismissing the action for failure to prosecute denies it of its right to due process and a fair opportunity to be heard. The fact is, however, that this results from UMM's own carefully chosen plan of inaction in the Bankruptcy Court. The result could have been avoided by pressing its claim in the adversary proceeding. UMM cannot be heard to complain that it is deprived of due process, for any deprivation is the result of its own course of conduct, carefully chosen and followed.

■ Finally, the Court must consider whether Judge Blackshear assessed the ef-

ficacy of lesser sanctions. His opinion mentions only that efficacy of lesser sanctions should be considered, but does not expressly consider them. Because dismissal pursuant to Rule 41(b) is so harsh a sanction, *see Theilmann*, 455 F.2d at 855, Judge Blackshear should have considered the efficacy of lesser sanctions before dismissing the action. *Alvarez*, 839 F.2d at 932; *Merker v. Rice*, 649 F.2d 171, 173–74 (2d Cir.1981). Therefore, this Court now orders that the case be remanded to Judge Blackshear pursuant to Bankruptcy Rule 8013 for further consideration of whether some lesser sanctions might be appropriate.

SO ORDERED.