The motion of the United States is denied.

SO ORDERED.

## In Re UNITED MERCHANTS AND MANUFACTURERS, INC., et al., Debtors.

## UNITED MERCHANTS AND MANUFACTURERS, INC., Plaintiff–Appellant,

v.

## SPARE PARTS, Scott Louis, Inc., Topson Downs of California, Inc., Ms. Tops of California, Inc., Mona Lee of California and Oops, Inc., Defendants–Appellees.

### No. 89 Civ. 2617 (JES).

United States District Court, S.D. New York.

April 15, 1991.

Skadden, Arps, Slate, Meagher & Flom, New York City, (George A. Zimmerman, Stephanie Kammerow, of counsel), for plaintiff-appellant.

Zellermayer Gratch & Jacobs, P.C., New York City, (Andrew Brozman, of counsel), for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff–Appellant United Merchants and Manufacturers, Inc. ("UMM") appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Blackshear, J.), which, upon consideration of whether a less severe sanction than dismissal would be appropriate, adhered to its original decision dismissing plaintiff's complaint for failure to prosecute. UMM had appealed that original decision to this Court (Leisure, J.), which in an Opinion and Order dated May 20, 1988, affirmed the bankruptcy court's findings but remanded the action to the bankruptcy court to consider whether some lesser sanction might be appropriate. For the reasons that follow, the decision of the bankruptcy court is affirmed.

## BACKGROUND

The underlying facts are set forth in Judge Leisure's Opinion and Order, *see United Merchants and Manufacturers, Inc. v. Spare Parts*, 86 B.R. 764, 765–66 (S.D.N.Y.1988), and will not be repeated here.

In the first appeal, Judge Leisure reviewed the bankruptcy court's dismissal in light of the following factors enunciated by the Second Circuit: (1) the length of the delay; (2) whether plaintiff had notice that the action would be dismissed; (3) the prejudice to the defendant from the lack of prosecution; (4) whether an adequate balance has been struck between the plaintiff's due process rights and the court's need to control its calendar; and (5) whether the court has adequately assessed the efficacy of lesser sanctions. *See id.* at 766 (quoting *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (in turn quoting *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983)).

The district court agreed with the bankruptcy court's finding that the plaintiff had done nothing for over five and one-half years despite the fact that plaintiff had the burden of prosecuting the action. *See United Merchants, supra*, 86 B.R. at 766–67. The court also agreed with the bankruptcy court that prejudice to the defendants could be presumed from the lengthy delay of five years, even though no actual prejudice was demonstrated. *See id.* at 767. Moreover, Judge Leisure noted that "UMM cannot be heard to claim that it is deprived of due process, for any deprivation is the result of its own course of conduct, carefully chosen and followed." *Id.*[1] However, since dismissal pursuant to Rule 41(b) is a harsh sanction, Judge Leisure remanded the case to the bankruptcy court for further consideration of whether some lesser sanction might be appropriate.

On remand, the bankruptcy court adhered to its original decision to dismiss the action, stating "[a]fter giving further consideration to lesser sanctions, this Court is convinced that any sanction other than dismissal would be an inappropriate remedy considering UMM's calculated and carefully conceived strategy of inaction in the adversary proceeding." Opinion and Decision On Remand From District Court at 7 (October 3, 1988) ("Remand Opinion") (Joint Appendix ("JA") 521).

## DISCUSSION

The only issue before this Court is whether the bankruptcy court abused its discretion in adhering to its original decision to dismiss on remand. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Harding, supra*, 707 F.2d at 50; *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982); *In re Stuart*, 88 B.R. 247, 249 (9th Cir. BAP 1988). Since that issue involves the bankruptcy court's discretionary control over the management of its docket, the scope of this Court's review is "extremely narrow." *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972). The test, therefore, is not what this Court would have done under the same circumstances, but whether, in light of the record as a whole, the bankruptcy court's decision was reasonable.

On remand, the Bankruptcy Court was faced with only one question, *i.e.*, whether a sanction short of dismissal would have been effective or appropriate in view of the extensive delay in this case. Plaintiff argued that since its failure to prosecute was the result of clerical errors in its in-house counsel's office and since the defendant had failed to answer two letters seeking to set a discovery schedule, the "draconian" sanction of dismissal should not be applied. Plaintiff also suggested a few alternatives, including an immediate trial and limiting further discovery to that needed by the defendants.

---

1. With respect to the second factor listed above, notice to the plaintiff, Judge Leisure noted that plaintiff had not been warned that the action might be dismissed, but stated that "there is no requirement that prior notice be given, although consideration of the lack of notice would not have been improper." *United Merchants, supra*, 86 B.R. at 767 (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)).

The bankruptcy court rejected plaintiff's first argument because it was an attempt to relitigate its earlier decision, which had been affirmed by the District Court, that "UMM's plan of inaction was the result of 'its own willful delay' with clear and foreseeable consequences." Remand Opinion at 7 (quoting *United Merchants, supra*, 86 B.R. at 767) (JA.519). Moreover, the court explicitly considered and rejected UMM's suggestion that the matter be set down for an immediate trial, which would have imposed on the defendants the burden of plaintiff's protracted delay by requiring them to hastily prepare for the trial. *See* Remand Opinion at 9 (JA.521). Given the circumstance that UMM had made a strategic decision not to prosecute the action, this Court cannot say that the bankruptcy court abused its discretion in adhering to its previous decision to dismiss the action with prejudice. This is especially so since dismissal is a far more effective sanction to deter such dilatory litigation tactics than the other sanctions suggested by UMM.

Nor do the cases relied upon by UMM require a contrary result. Both *Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc.*, 99 F.R.D. 570 (S.D.N.Y.1983) and *Lank v. New York Stock Exchange*, 405 F.Supp. 1031 (S.D.N.Y.1975), *rev'd on other grounds*, 548 F.2d 61 (2d Cir.1977), are cases where the district court, exercising its discretion in the first instance, denied a motion to dismiss for failure to prosecute. They were not cases in which a district court was required to apply an abuse of discretion standard to a bankruptcy court's order. Moreover, in *Youngblood* there was a stipulation between the parties, approved by the Court, which placed the case on the Court's suspense docket pending a decision by a regulatory agency as to whether to exercise its jurisdiction over the matter. After that agency declined jurisdiction, the action remained dormant because of a change in plaintiff's counsel, the death of some of the parties, settlement negotiations, and the pendency of a controlling case before the Supreme Court. *See* 99 F.R.D. at 574–76.

That case therefore, unlike this one, did not involve a unilateral decision by the party having the burden to prosecute to delay the proceedings for strategic reasons thereby placing the burden of going forward on the adverse party. In *Lank* prosecution of the action did not go forward because of honest misunderstandings between the parties regarding the possibility of settlement and thus likewise did not involve a strategic decision not to prosecute. *See* 405 F.Supp. at 1034.

Similarly, *Finley v. Parvin/Dohrmann Co.*, 520 F.2d 386 (2d Cir.1975), held only that a district court did not abuse its discretion in denying a motion to dismiss for lack of prosecution where the plaintiff was confused as to how to bring a case on for trial under the then relatively new individual assignment system for case management. *See id.* at 392. Moreover, the *Finley* court stated that had the district judge dismissed the case under those circumstances it would not have been an abuse of discretion. *See id.* at 389. It follows that *Finley*, if anything, supports upholding the decision of the bankruptcy court in this case.

The only circumstance set forth in the record which even colorably supports the claim that the bankruptcy court abused its discretion in dismissing the action is that the parties entered into a stipulation pursuant to which the defendants dismissed an action they had brought in California pending a determination by the bankruptcy court of the dischargeability of the claims asserted therein.[2] *See* JA.323–24. Although plaintiff has not specifically articulated the argument, that stipulation could be read as an agreement by the defendants to have the bankruptcy court rule on the dischargeability of these claims, which would be arguably inconsistent with their subsequent decision to seek dismissal of the bankruptcy proceedings because of plaintiff's delay.

However, no argument that the defendants should be estopped from seeking dismissal on grounds of inordinate delay can properly be founded upon that stipulation because it afforded defendants no benefit

2. The statute of limitations was tolled pursuant to that stipulation. *See* JA.324.

152

and caused plaintiff no legal detriment. UMM concededly decided to pursue delay for its own reasons, and thus, as a matter of law, did not rely upon any actions of the defendants in choosing that course of conduct. This is especially true since the bankruptcy court found in its initial decision that the stipulation benefited plaintiff rather than the defendants and stated that "[i]nsofar as UMM was given the opportunity to avoid litigating the California Action, fairness urges that UMM should diligently prosecute this case." *See* Opinion of the Bankruptcy Court at 5 (Sept. 10, 1987) (JA.15).

### CONCLUSION

Accordingly, the order of the bankruptcy court is affirmed. The Clerk of the Court shall enter an appropriate judgment and close the above-captioned action.

It is SO ORDERED.