**The FOXBORO COMPANY, Plaintiff,**

v.

**FISCHER & PORTER COMPANY, Defendant.**

**Civ. A. No. 24588.**

United States District Court
E. D. Pennsylvania.

Dec. 6, 1961.

Hayward H. Coburn, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Leonard L. Kalish, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

This action for patent infringement was commenced April 25, 1958. The last prior proceeding having been the filing of plaintiff's supplemental notice of taking depositions on July 22, 1959, a notice was sent by the clerk to counsel for both parties on July 24, 1961, under Rule 18 of this court, which provides that:

"Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that unless the Court, upon written application filed within thirty (30) days from the receipt of such notice and upon good cause shall otherwise order, the action shall be dismissed. In the absence of such application to or order by the Court, the Clerk shall, without special order, enter upon the record 'dismissed, without prejudice under Rule 18,' * * *."

Within the thirty-day period plaintiff filed an application under Rule 18 requesting an order that the case be not dismissed. One week thereafter defendant filed a motion to dismiss the complaint under F.R.Civ.P. 41(b), 28 U.S.

C.A., for failure to prosecute. Both applications are now before the court.[1]

From affidavits and the record it appears that officers of plaintiff and defendant were making some efforts to settle the case. Defendant's president, Fischer, wrote to plaintiff's executive vice president, Bristol, on December 31, 1958, asking Bristol to tell his lawyers " * * * to cease their maneuvering" in the case, since, " * * * each time they maneuver it costs me money." By a copy of the letter Fischer instructed defendant's attorney not to take any action at that time. Later, when Fischer visited plaintiff's plant, he complained again that plaintiff's attorneys were prosecuting the case too vigorously, causing him unnecessary expense, and asked that this activity cease until settlement negotiations had been concluded. Thus it appears that it was at least partly because of action by defendant that plaintiff proceeded slowly with prosecution of the case.

■ Since the stagnation in this case stems from the requests of defendant itself for delay, plaintiff's application that the case be not dismissed will be granted, but with a proviso, since it is undesirable that litigation stagnate in this busy court and since both parties appear to be in need of some stimulus.

■■ The notice from the clerk stirred defendant into filing its motion for dismissal under F.R.Civ.P. 41(b).[2] A motion to dismiss for want of prosecution is addressed to the discretion of the court: Ordnance Gauge Co. v. Jacquard Knitting Machine Co., 265 F.2d 189 (3d Cir. 1959), cert. den. 361 U.S. 829, 80 S.Ct. 79, 4 L.Ed.2d 72. It seems to me that the motion comes with poor grace from the party who largely instigated the delay. Having instigated the delay, defendant should not be permitted to profit from it by having the court grant

its motion to dismiss. The reason for granting plaintiff's application applies with equal force to the denial of defendant's motion, and consequently that motion will be denied.

---

1. Although not listed for argument, the motion under Rule 41(b) was argued with the motion under Rule 18.

2. The first proceeding initiated by defendant since the filing of its answer (after four extensions of time) almost three years before.