Paul Horace **HOLLINGSWORTH** and
Oscar L. Hollingsworth

v.

Louise Robbins **GRAY** and Payton Gray.
Civ. A. No. 27262.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1963.

Reilly, Fogwell & Lentz, by G. Clinton Fogwell, Jr., West Chester, Pa., for plaintiffs.

WOOD, District Judge.

On November 4, 1959, the plaintiffs filed suit in this Court for personal injuries and property damage arising out of an occurrence on August 7, 1959. The defendants, after being served, failed to answer this Complaint, and a default judgment was entered on April 7, 1961. Thereafter, the case was placed on the jury trial list for an assessment of damages on April 10, 1961. No further action was taken in this matter until April 18, 1963, when the plaintiffs' counsel received a notice from the Clerk of this Court advising him that pursuant to Local Rule 18 this case would be dismissed without prejudice unless the plaintiffs filed a written application with this Court within 30 days and showed good cause why this action should not be dismissed. The plaintiffs' counsel failed to file any application and the case was dismissed by the Clerk on May 23, 1963. Subsequently, the plaintiffs contacted their counsel on July 5, 1963 and advised him that they had been in Florida. Counsel then filed the instant motion on July 29, 1963 to vacate the Clerk's dismissal and reinstate the action on the trial list.

Local Rule 18 reads as follows:

"Dismissal and Abandonment of Actions

"Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that unless the Court, upon written application filed within thirty (30) days from the receipt of such notice and upon good cause shown *shall* otherwise order, the action *shall be dismissed.* In the absence of such application to or order by the Court, the Clerk shall, without special order, enter upon the record 'dismissed, without prejudice under Rule 18,' and shall, upon application by defendant, tax the costs against the plaintiff." (Emphasis supplied)

■ Counsel contends that it lies within our discretion to reinstate this case even though he failed to follow the local rule and file an application within the prescribed thirty-day period. The Clerk acted for the Court and followed the *mandatory* language of Local Rule 18 by dismissing this action upon the plaintiffs failure to act in the required time. Our discretion will operate to reinstate a matter only when a party has fulfilled the condition precedent of filing an application which shows good cause to vacate the Clerk's dismissal. Foxboro Co. v. Fischer & Porter Co., 29 F.R.D. 522 (E.D.Pa.1961).

■ The purpose of this rule is to eliminate dead cases from our crowded docket and speed justice for viable actions. Fairness requires strict adherence by all parties concerned with the precepts of this rule or its purpose will have

little practical effect in the orderly administration of this Court.

Despite the plaintiffs' counsel's disregard for our local rules we have considered his motion from an equitable standpoint and conclude that he appeals to our sympathy rather than our discretion to reinstate this action. No legally discernible basis is offered to substantiate the delay unless we regard the plaintiffs' apparent indifference to the progress of their case as having any merit. Their failure to inform their counsel of their whereabouts hardly warrants any consideration by this Court.

We, in the interest of justice, attempted to locate the defendants in this matter by certified mail which was returned unknown. It would be prejudicial to their interests to allow this case to be reinstated when in fact they have never received notice of this proceeding.

Local Rule 18 derives its efficacy from Fed.R.Civ.P. 41(b), which expressly recognizes the power of a Court to dismiss an action without prejudice for want of prosecution. Janousek v. French, 287 F.2d 616, 620 (8 Cir.1961). This right of dismissal has been acknowledged by the United States Court of Appeals for the Third Circuit under Local Rules as well as 41(b). Ordnance Gauge Co. v. Jacquard Knitting Machine Co., 3 Cir., 265 F.2d 189, cert. denied 361 U.S. 829, 80 S.Ct. 79, 4 L.Ed.2d 72 (1959); Bendix Aviation Corp. v. Glass, 195 F.2d 267 (3 Cir.1952).[1]

It is our considered opinion that no equitable reason warrants the reinstatement of this matter to the trial list. This is particularly true in view of the total lack of interest exhibited for two years by all parties to this case. While this decision may conclude the plaintiffs in the personal injury phase of their claim (because of the statute of limitations), we cannot countenance their delay at the expense of other cases which are being vigorously pursued.

### ORDER

And now, this 17th day of December, 1963, the plaintiffs' motion to vacate the Clerk's dismissal is denied.

---

[1]. The counterclaim in this case was also dismissed for want of prosecution by Judge Kirkpatrick in 32 F.R.D. 375 (E.D. Pa.1962), aff'd. 314 F.2d 944 (3 Cir. 1963).