**CALIFORNIA MOLASSES CO. et al.,**
Appellants,

v.

**C. BREWER & CO. et al.,**
Appellees.

No. 72-1265.

United States Court of Appeals,
Ninth Circuit.

April 18, 1973.

Rehearing Denied May 23, 1973.

Francis O. Scarpulla, Linda L. Tedeschi, Alvin H. Pelavin, Philip K. Jensen, John T. Weld, San Francisco, Cal., for appellants.

William H. Orrick, James K. Haynes, W. Reece Bader, Orrick, Herington, Rowley, & Sutcliffe, David M. Balabanian, Arthur R. Albrecht, McClutcheon, Doyle, Brown & Enersen, San Francisco, Cal., Robert B. Owen, George R. Poehner, Covington & Burling, Washington, D. C., for appellees.

Before BROWNING, WRIGHT and GOODWIN, Circuit Judges.

PER CURIAM:

Plaintiffs commenced an antitrust action on July 17, 1969. Two years later, because the file revealed little or no progress, the district judge to whom the case had been assigned ordered the plaintiff to show cause why the case should not be dismissed for failure to prosecute. Following a hearing, and a warning, the court gave plaintiffs ninety days to complete the preliminary phase of discovery. When the time expired without substantial progress, the court dismissed the action on December 13, 1971.

This appeal asserts that the dismissal pursuant to Fed.R.Civ.P. 41(b) was an abuse of discretion. The scope of discretion in such cases is fully discussed in Von Poppenheim v. Portland Boxing & Wrestling Com'n, 442 F.2d 1047 (9th Cir. 1971), cert. denied 404 U.S. 1039 (1972). The record here reveals no abuse.

After the court had called the plaintiff's delinquencies to the attention of counsel and had given fair warning that the case would be dismissed, plaintiff used more than half of the ninety days seeking new counsel. The promised discovery was not accomplished.

This court is aware of the serious consequences to a party of the dismissal of his case. But if the Rules of Civil Procedure are to be effective they must be enforced. The sanction imposed in this case was neither harsh nor unexpected under the circumstances. The dismissal was clearly within the discretionary power of the court to keep its calendar moving.

Affirmed.