**UNEMPLOYMENT COMPENSATION DIVISION OF the EMPLOYMENT SECURITY BUREAU, an Agency of the State of North Dakota, Plaintiff and Appellee,**

v.

**Richard BJORNSRUD, doing business as Bjornsrud Trucking, Defendant and Appellant.**

**Civ. No. 9359.**

Supreme Court of North Dakota.

Dec. 19, 1977.

Lawrence E. Watson and Michael J. Wilma, Sp. Asst. Attys. Gen., Bismarck, for plaintiff and appellee.

John T. Paulson, Valley City, for defendant and appellant.

VOGEL, Justice.

The sole question involved in this appeal is whether the district court abused its discretion in denying a motion to dismiss pursuant to the first sentence of Rule 41(b), N.D.R.Civ.P., which provides:

"For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against him."

We affirm, but do not condone the delay.

The action was commenced by the Unemployment Compensation Division as plaintiff by summons and complaint dated November 19, 1970, served on the defendant the same day. An answer alleging inability to determine the correctness of the amounts sued for and insufficient knowledge as to whether they were correct, coupled with a general denial, was served on December 7, 1970.

Nothing happened thereafter of record for more than five years. On April 28, 1976, Lawrence E. Watson, Assistant Attorney General, on behalf of the plaintiff, served a notice of trial on the attorney for the defendant.

No motion was filed under Rule 41(b) prior to trial, but at the commencement of the trial, on February 4, 1977, the attorney for the defendant made an oral motion for an involuntary dismissal, based upon the delay in prosecuting the action. The attorney for the Unemployment Compensation Division, Mr. Wilma, was unable to explain the delay. The trial court denied the motion, the trial proceeded, and judgment was entered against the defendant. This appeal followed.

The pertinent portion of Rule 41(b) was copied into the North Dakota Rules of Civil Procedure from the Federal Rules of Civil Procedure. As we said in *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973), when we adopted the Federal Rules of Civil Procedure we did so with knowledge of the interpretations placed upon them by the Federal courts, and although we are not compelled to follow those interpretations, they are highly persuasive and, in the interest of uniform interpretation, we should be guided by them.

Under Federal interpretations of Rule 41(b), no settled guidelines have evolved as to sufficient proof of failure to prosecute, but each case depends upon its own particular facts and circumstances. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214 (8th Cir. 1975). Dismissal for lack of prosecution is a harsh remedy and should be resorted to only in extreme cases, since the policy of the law is to favor hearing of a litigant's claim upon the merits. *Marshall v. Sielaff*, 492 F.2d 917 (3d Cir. 1974). We also have often overlooked violations of rules in order to allow trials on the merits. *Halverson v. Pet, Inc.*, 260 N.W.2d 11 (N.D.1977); *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977). It is not the duty of the defendant to urge the plaintiff and his counsel to move quickly for trial; instead, the responsibility is on the plaintiff and his attorney. *S & K Airport Drive-In, Inc. v. Paramount Film Dist. Corp.*, 58 F.R.D. 4 (E.D.Pa.1973), *affirmed* (without opinion) 491 F.2d 751 (3d Cir. 1973). However, failure of defendant to call the court's attention to undue delay in bringing the case on for trial, by a formal motion or otherwise, prior to the date set for trial, may be considered by the court in exercising its discretion as to whether to grant the motion to dismiss or not. *Finley v. Parvin/Dohrmann Company, Inc.*, 520 F.2d 386 (2d Cir. 1975).

It appears from these criteria that the district court has a good deal of discretion in granting or denying motions to dismiss for failure to prosecute. There are some cases where a trial court will be upheld whether it grants or denies the motion, and this is one of them. On the one hand, the trial court might very well have granted the motion on the basis of the inexcusable delay on the part of the plaintiff in bringing the action to trial. The assertion in argument in the Supreme Court that the delay was in the interest of the defendant in order to allow him to raise funds or make offers in compromise, was not presented to the trial court and would not be persuasive there or here. The trial court might well have decided that the policy of trying cases on the merits was outweighed by the policy of promptly settling disputes, and that the delay was inexcusable.

On the other hand, the court acted within its range of discretion in denying the motion. One factor to be considered is that no motion was made prior to trial, but instead the defendant waited until the moment of trial to raise his objections. There was no showing of prejudice, and the court chose to follow the policy of promptly disposing of actions on the merits.

Three North Dakota cases are cited to us,[1] but they all were decided under prior law [Sec. 7598, 1918 Compiled Laws, and Sec. 6999, Rev.Code 1905] which provided that all actions in which the plaintiff has neglected for a period of five years after the commencement of the action to bring it to trial are deemed dismissed and abandoned. A South Dakota per curiam opinion, *Simkins v. Bechtol*, 86 S.D. 187, 192 N.W.2d 731 (1971), is more nearly in point and favorable to the appellant. In that case, nine years passed before the case was brought to trial. The South Dakota Supreme Court held that the lower court abused its discretion in denying the motion to dismiss, which was made before the date of trial. That case and this one differ in degree in regard to the length of time (five years versus nine years) and in the fact that no motion prior to the trial date was made in the case before us, and in the possibility

---

1. *Donovan v. Jordan*, 25 N.D. 617, 142 N.W. 42 (1913); *Lambert v. Brown*, 22 N.D. 107, 132 N.W. 781 (1911); *McGurren v. Noyes Bros. and Cutler*, 65 N.D. 146, 256 N.W. 649 (1934).

that settlement negotiations were responsible for part of the delay in the case before us.

As we said, we uphold the discretion of the district court and affirm the judgment. In so doing, we do not condone the delay, nor do we hold that a five-year delay could not justify a dismissal for failure to prosecute. The matter is largely discretionary with the trial court.

■ We have one further word to add. North Dakota has always followed the system of allowing the attorney, rather than the court, to issue process commencing an action. Rule 4(c) and (d)(1), N.D.R.Civ.P. Other jurisdictions require that the original complaint be filed with a clerk, and the clerk issues the process. See, for example, Rule 4(a) and (b), F.R.Civ.P. The latter system makes the commencement of the action a matter of public record, while the system we have followed allows the lawyer for the plaintiff to delay the filing of the pleadings and thereby keep knowledge of the commencement of the action from the court, which in actuality is the source of the process. Our system therefore gives a greater power to the lawyer. With that power goes the duty to act responsibly, to file pleadings and process promptly, and to dispose of the case by trial or otherwise in due course.[2] Failure to meet that responsibility, resulting in inability of the court to regulate proceedings brought in its name at a time when they should be regulated, may provide a reason for changing our system to one which requires process to be issued by the court. Such a development might well be one which lawyers accustomed to our system would regret.

Cases such as this one, where process issued in the name of a court was outstanding for more than five years before that court was even advised of the existence of the action (by the filing of the pleadings and process and the note of issue) illustrate how our present reliance on lawyers in the issuance of process can be abused and, we suspect, why other States have adopted the

system of requiring issuance of process by the courts themselves. Unless our system is to be changed, such abuses must stop.

Affirmed.

ERICKSTAD, C. J., PEDERSON and SAND, JJ., and LARRY M. HATCH, District Judge, concur.

HATCH, District Judge, sitting in place of PAULSON, J., disqualified.

---

**2.** The Code of Professional Responsibility, adopted by this court, requires [Disciplinary Rule 6–101(3)] that a lawyer shall not neglect a legal matter entrusted to him.