**Seferious TERNES, Plaintiff and Appellant,**

v.

**John KNISPEL, Third-Party Plaintiff, Defendant and Appellee,**

v.

**DEERE & COMPANY, a foreign corporation, and Lahman Manufacturing, Inc., a foreign corporation, Third-Party Defendants.**

**Civ. No. 10940.**

Supreme Court of North Dakota.

Oct. 1, 1985.

Baer & Asbridge, Bismarck, for plaintiff and appellant; argued by Richard B. Baer.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant and appellee; argued by A. William Lucas.

LEVINE, Justice.

The sole issue in this case is whether the district court abused its discretion in dismissing plaintiff's action for failure to prosecute. We hold it did not and affirm.

On October 29, 1975 Seferious Ternes was injured while driving a tractor owned by John Knispel. Two years later, on October 29, 1977, Ternes commenced a negligence action against Knispel. Ternes was represented by Robert Mines, a South Dakota attorney. Richard B. Baer, a North Dakota attorney and Ternes' counsel in this appeal, also signed the pleadings as local counsel to enable Mines to bring this action in a North Dakota court.

In March 1981, after three and a half years of inactivity by Ternes, Knispel moved to dismiss the action for failure to prosecute. In resisting the motion Mines stated by affidavit that the suit had been delayed because he was unable to ascertain his client's damages until August 1980, when Ternes was diagnosed as totally and permanently disabled. Mines' affidavit further stated:

> I feel that we are in that position [*i.e.*, to bring the lawsuit to a conclusion] and I am anxious to conclude ... [this] suit."

The motion to dismiss was denied but the judge admonished Mines to diligently prosecute the action.

From the March 1981 hearing until May 1984 the only activity taken by Ternes to advance his suit was to depose Knispel and retain experts to examine the tractor.

In May 1984 Mines forwarded the Ternes file to attorney Baer requesting him "to handle it on [his] own." Soon thereafter Baer instituted settlement negotiations with Knispel and the third-party defendants.[1] Knispel had two years earlier made a $5,000 settlement offer, to which Ternes now responded with a counteroffer of $15,-000. During the negotiations Knispel's attorney indicated his desire to depose Ternes' expert and to retake Knispel's deposition.

In October 1984 Ternes' letter accepting Knispel's offer of $5,000 crossed in the mail with Knispel's revocation of the offer and motion to dismiss for failure to prosecute.[2] Prior to the hearing on the motion Ternes filed a note of issue. Following the hearing the district court concluded in effect that Mines' failure to prosecute the action diligently was prejudicial and dismissed Ternes' suit pursuant to North Dakota Rule of Civil Procedure 41(b).[3] This appeal followed.

---

1. Ternes subsequently settled with third-party defendant Deere & Company. Third-party defendant Lahman Manufacturing, Inc., filed for bankruptcy and was not further involved in this suit.

2. Because NDCC § 9–03–19 was not raised at any stage of the proceedings we do not consider it.

3. The trial court dismissed Ternes' action based solely upon Mines' failure to prosecute and stated that the dismissal was not based upon the manner in which Baer represented Ternes after

Rule 41(b), NDRCivP, provides in pertinent part:

"For failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against him...."

The primary purpose for dismissing an action for failure to prosecute is to prevent unnecessary delays in the disposition of pending cases, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962),[4] and to avoid congestion in court calendars by disposing of cases not being seriously prosecuted. *Link, supra; see generally* 27 Fed.Proc. L.Ed.2d 62:503.

 No precise rule can define what circumstances justify dismissing for failure to prosecute. Each case depends upon its own particular facts and circumstances. *Unemployment Compensation Div. v. Bjornsrud*, 261 N.W.2d 396 (N.D.1977). The decision whether to dismiss for want of prosecution requires the trial court to weigh conflicting policies. On the one hand is the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay. On the other hand there is the great reluctance to impose the harsh remedy of dismissal in light of our policy favoring disposition of cases on their merits. *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171 (9 Cir.1979), *cert. den.*, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979), *Quagliano v. United States*, 293 F.Supp. 670 (S.D.N.Y.1968); *Bjornsrud, supra.* It is within the trial court's discretion to consider these contending policies in the context of a particular case and its decision will be reversed on appeal only for an abuse of discretion. *Bjornsrud, supra.*

 We affirm the trial court's decision for a number of reasons. Ternes had been warned to prosecute his case with dispatch, a direction he apparently chose to ignore despite his pledge to proceed with alacrity. Lack of prosecution following an instruction to act assiduously argues strongly for dismissal. *California Molasses Co. v. C. Brewer & Co.*, 479 F.2d 60 (9 Cir.1973); *see generally* Wright & Miller, Federal Practice and Procedure: Civil § 2370, pp. 205–206. Ternes provided no explanation or excuse for his lack of prosecution, which might have militated against dismissal. *See Cherry v. Brown-Frazier-Whitney*, 548 F.2d 965 (D.C.Cir.1976). Finally, Knispel was prejudiced by Ternes' prolonged delay in bringing this matter to trial. The trial judge was legitimately concerned over the availability of witnesses and the reliability of their memories. The defendant was over 80 years old.[5]

Ternes argues the trial court erred in dismissing his action because Knispel has not completed discovery and therefore could not object to any delay in the prosecution. However, the duty to prosecute rests with the plaintiff, not the defendant. *Gomez Vazquez v. Litton Industries Leasing Corp.*, 67 F.R.D. 117 (D.P.R.1975); *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375 (E.D.Pa.1962), *aff'd*, 314 F.2d 944 (3 Cir.1963), *cert. den.*, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963). There was no reason for Knispel to incur the expense and inconvenience of conducting discovery if Ternes' inaction gave him the hope or expectation that the case would never be tried. *See Tinnerman Products, Inc. v. George K. Garrett Co., Inc.*, 22 F.R.D. 56 (E.D.Pa.1958). Ternes is in no position to

---

Baer was substituted for Mines as Ternes' counsel. Therefore there is no issue of the responsibility and duty of an attorney acting in the capacity of local counsel.

**4.** Interpretations of Federal Rule of Civil Procedure 41(b) are highly persuasive and should generally guide interpretations of our own Rule 41(b). *Unemployment Compensation Div. v. Bjornsrud*, 261 N.W.2d 396 (N.D.1977).

**5.** Knispel died after the hearing and so the prejudice caused by his death was not considered by the trial court in granting the motion to dismiss. Because we view the record as of the time the trial court did, *Ginakes v. Johnson*, 75 N.D. 164, 26 N.W.2d 368 (1947), we have not taken into consideration the effect of Knispel's death and would affirm the dismissal regardless of his death.

contend that Knispel is responsible for the egregious delay.

Ternes further claims error because the parties had been engaged in settlement negotiations, the case was on the trial calendar and he was ready for trial. It was well within the trial court's discretion to reject such arguments in view of the fact that it took Ternes almost seven years to undertake serious settlement negotiations without any evidence that Knispel contributed to the delay by stalling or unreasonably prolonging any settlement negotiations. *See contra Foxboro Co. v. Fischer and Porter Co.*, 29 F.R.D. 522 (E.D.Pa.1961); *Omaha Nat. Bank of Omaha v. Mullenax*, 211 Neb. 830, 320 N.W.2d 755 (1982). Merely because Ternes was prepared for trial seven years after he instituted the suit does not excuse such a serious delay in prosecuting his action.

While we recognize that dismissal is a harsh sanction,[6] it was neither unduly harsh nor unexpected under the circumstances of this case. Thus we conclude the trial court did not abuse its discretion in dismissing Ternes' case.

Accordingly, the judgment of dismissal is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

**6.** Although the trial court dismissed Ternes' action without prejudice, the effect of his dismissal may be a bar to Ternes' cause of action because of the running of the statute of limitations. *See* NDCC § 28–01–16(5).