**Robert STURDEVANT, Plaintiff and Appellant,**

v.

**FARGO CULVERT COMPANY, Defendant and Appellee.**

**Civ. No. 930035.**

Supreme Court of North Dakota.

June 16, 1993.

Michael Lee Gjesdahl, Fargo, for plaintiff and appellant; submitted on brief.

Harlan G. Fuglesten and Wayne W. Carlson, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee; submitted on brief.

NEUMANN, Justice.

Robert Sturdevant appeals from a judgment entered by the District Court for Cass County involuntarily dismissing his claim against Fargo Culvert Company (FCC) due to his failure to prosecute. We affirm.

In March 1986, Sturdevant served a summons and complaint on FCC. His cause of action was brought for the recovery of sales commissions he allegedly earned but never received while in FCC's employ. The case was not filed with the district court until six and one-half years later, in October 1992. Sturdevant simultaneously filed a note of issue and certificate of readiness. FCC moved for dismissal of the action due to Sturdevant's failure to prosecute the claim.

It appears that the case had little, if any, activity from March 1986 to October 1992. Although there have been at least five attorneys representing Sturdevant since the origination of this action, none of them, with the exception of Sturdevant's present counsel, appear to have diligently pursued Sturdevant's interests in this suit. Discovery conducted on behalf of either party is virtually nonexistent.

After FCC's motion to involuntarily dismiss for failure to prosecute had been briefed and argued before the district court, the court dismissed Sturdevant's case without prejudice. This timely appeal followed. Sturdevant asserts that the district court erred in dismissing his suit. He maintains that FCC failed to show any prejudice resulting from the delay, and that the passage of time alone is not a sufficient basis to dismiss a case. He blames his previous attorneys for neglecting his case, he adamantly insists that he pushed them along to the best of his ability, and he urges this Court not to visit the fault of his attorneys upon him.

■ Involuntary dismissal for failure to prosecute a claim is found in Rule 41(b), N.D.R.Civ.P., and in pertinent part it reads: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." When deciding whether to grant or deny an involuntary motion to dismiss, the trial court is required to weigh two conflicting policies.

"On the one hand is the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay. On the other hand there is the great reluctance to impose the harsh remedy of dismissal in light of our policy favoring disposition of cases on their merits."

*Ternes v. Knispel,* 374 N.W.2d 879, 881 (N.D.1985). When we review the trial court's decision in weighing these two policies, we are quite deferential, and will reverse the trial court on appeal only if its decision amounts to an abuse of discretion. *Id.*

Sturdevant attempts to convince us that the district court's decision rises to the level of abuse of discretion because this case is factually different from other cases affirming involuntary dismissals for failure to prosecute. However, we have succinctly stated that "[n]o precise rule can define what circumstances justify dismissing for failure to prosecute. Each case depends upon its own particular facts and circumstances." *Id. See also Unemployment Compensation Div. v. Bjornsrud,* 261 N.W.2d 396 (N.D.1977).[1]

◼ When we review the facts in this case, we agree with the district court that both a significant amount of time has passed and that FCC has suffered substantial prejudice from the delay. The passage of six and one-half years alone prejudices FCC. In addition, Sturdevant failed to conduct any meaningful discovery during that time, further prejudicing FCC. Sturdevant's complete inaction on the file may have led FCC to believe that the case was never going to trial. "[T]he duty to prosecute rests with the plaintiff, not the defendant. There was no reason for [FCC] to incur the expense and inconvenience of conducting discovery if [Sturdevant's] inaction gave [it] the hope or expectation that the case would never be tried." *Ternes,* 374 N.W.2d at 881 (citations omitted).

◼ Sturdevant blames this inaction on the attorneys he employed prior to his present counsel. While we acknowledge Sturdevant's assertions regarding the conduct of his earlier attorneys, we will not speculate that the attorneys are solely responsible for the inactivity in this case. The United States Supreme Court has stated that a client is bound by the inaction of counsel, and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Thus, any fault Sturdevant assigns to his attorneys does not influence our decision.

For the foregoing reasons, we do not find an abuse of discretion by the district court, and we affirm its judgment to involuntarily dismiss Sturdevant's claim due to his failure to prosecute.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

LEVINE, J., disqualified after submission.

---

1. Both parties have cited a variety of decisions from other jurisdictions in support of their arguments, and we find those discussions enlightening. However, *Ternes* and *Bjornsrud,* authored by this Court, provide all of the legal principles and rationale necessary to reach a decision in this case, and are controlling. Thus, by failing to discuss the law cited by the parties in their appellate briefs, we are not ignoring cases from other jurisdictions. Instead, we merely believe that North Dakota precedent sufficiently addresses the issue presented.