Kevin SCHROEDER, Plaintiff
and Appellant,

v.

Curtis Eugene PRASKA and Leroy
Barton, Defendants and
Appellees.

Civ. No. 930306.

Supreme Court of North Dakota.

Feb. 23, 1994.

Duis & Duis Law Office, Fargo, for plaintiff and appellant; argued by George E. Duis.

Steven F. Lamb (argued), American Family Insurance, Fargo, for defendants and appellees.

MESCHKE, Justice.

Kevin Schroeder appeals from a judgment involuntarily dismissing his claim against Curtis Praska and Leroy Barton for failure to prosecute the claim. We affirm.

Schroeder collided with Praska and Barton on June 27, 1978. He sued them for damages in June 1984, one day before the six-year limitations period expired. Schroeder filed his complaint and a motion for default judgment on August 21, 1991. A trial was scheduled for August 31, 1993. Six weeks before trial, Praska and Barton moved to dismiss the complaint with prejudice for failure to prosecute. The trial court granted the motion under N.D.R.Civ.P. 41(b) on July 29, 1993. Schroeder appeals.

When deciding whether to dismiss a claim for want of prosecution, the trial court must balance its interest in docket management, the public's interest in prompt resolution of claims, and the risk of prejudice to the defendants from delay, against our preference for resolving cases on their merits. *Ternes v. Knispel,* 374 N.W.2d 879, 881 (N.D.1985). On review of the trial court's decision, "we are quite deferential, and will reverse the trial court on appeal only if its decision amounts to an abuse of discretion." *Sturdevant v. Fargo Culvert Co.,* 501 N.W.2d 762, 764 (N.D.1993) (citing *Ternes* ). We conclude the trial court properly dismissed Schroeder's claim.

After the complaint was served, nothing much happened for seven years, until Schroeder finally filed his complaint in 1991. The trial court held that Praska and Barton were prejudiced by Schroeder's failure to prosecute the claim. As in *Ternes,* the court was concerned with both the availability and

reliability of the witnesses to the accident. One of the defendants and the investigating officer had both moved and had not yet been located. On the other side, the court found that Schroeder had failed to adequately pursue the merits of his claim in the fifteen years since the accident.

Schroeder blames his attorneys for the thirteen years it took to file his complaint. Of the five consecutive attorneys that represented Schroeder since 1978, several failed to diligently pursue Schroeder's interests. However, as we said in *Sturdevant*, 501 N.W.2d at 764, clients are ultimately responsible for prosecuting their own claims and are bound by the inaction of their attorneys.

Schroeder also blames Praska and Barton for the delay. Without support in the record, Schroeder alleges that Barton's insurance company asked him in 1984 to refrain from filing his complaint while they tried to settle his claim. Even if Barton's insurer made this request, Schroeder was not entitled to wait seven years before filing his complaint. Although Praska and Barton may be responsible for the delay after they filed a certificate of non-readiness in September 1992, eight years had already passed since the lawsuit was begun. We cannot conclude the trial court abused its discretion by dismissing the complaint. As we said in *Ternes*, 374 N.W.2d at 881 (citations omitted), "the duty to prosecute rests with the plaintiff, not the defendant."

Schroeder also argues that the court abused its discretion by dismissing the case four weeks before trial. A trial court's discretion to dismiss a case for lack of prosecution is not changed simply because a case is scheduled for trial and the plaintiff is ready to proceed. *Ternes*, 374 N.W.2d at 882. However, the timing of the dismissal is relevant to our review of the trial court's decision.

In this case, the lack of prosecution was first questioned by Praska and Barton in 1991. A year later, the trial court warned Schroeder that it was going to dismiss the case unless further action was taken. On its own motion, a trial court can dismiss a complaint once it has been filed for a year. N.D.R.Civ.P. 40(e). A court should dismiss a complaint on its own rather than wait for a motion by the parties when they dilly-dally. Had Schroeder deposed witnesses or incurred more pretrial expense, the dismissal of his complaint four weeks before trial may have been an abuse of discretion. Nevertheless, in light of the prejudice suffered by Praska and Barton as a result of Schroeder's inaction, the trial court properly dismissed the complaint, and we affirm.

Schroeder violated N.D.R.App.P. 30(a) by including documents in the appendix that are not found in the record. This violation was aggravated by counsel's attempted reliance on the documents during oral argument. Therefore, under N.D.R.App.P. 13, we award double costs to Barton and Praska.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN, and LEVINE, JJ., concur.