# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2021 ND 146

Michael Zepeda and Mindy Zepeda,                    Plaintiffs and Appellants

v.

Adam Cool and Mason Cool,                    Defendants and Appellees

No. 20200193

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Jeffrey S. Weikum, Bismarck, ND, for plaintiffs and appellants.

Samuel G. Larson, Bismarck, ND, for defendant and appellee Adam Cool.

Alyssa L. Lovas, Bismarck, ND, for defendant and appellee Mason Cool.

**Jensen, Chief Justice.**

[¶1] Michael and Mindy Zepeda appeal from a district court judgment dismissing their claims for failure to prosecute and the denial of their post-judgment request to alter or amend the judgment. We affirm the judgment, concluding the court did not abuse its discretion in dismissing the Zepedas' claims for failure to prosecute.

I

[¶2] On November 25, 2013, Michael and Mindy Zepeda commenced a personal injury action against Adam and Mason Cool by service of summons and complaint. The personal injury action arose from a December 2011 assault by the Cools on Michael Zepeda resulting in Michael Zepeda sustaining injuries.

[¶3] Over six years later, on January 7, 2020, the Zepedas filed the summons and complaint. On February 5, 2020, the Cools filed separate motions to dismiss for failure to prosecute. The district court granted the Cools' motions to dismiss for failure to prosecute after finding the Cools had been prejudiced by the deliberate delay of the Zepedas. The court entered a judgment of dismissal on May 18, 2020.

[¶4] On July 17, 2020, the Zepedas filed a motion for reconsideration arguing the district court erred in dismissing the action because they appropriately pursued their claim under the circumstances. The court denied the motion as lacking merit after determining the request for relief under N.D.R.Civ.P. 59(j) was untimely and there was no other sufficient basis to warrant reconsideration.

[¶5] On appeal, the Zepedas assert the district court erred in dismissing the action for failure to prosecute because the delay in pursuing the case was appropriate under the circumstances. The Zepedas argue the delay was warranted because the Cools represented they had insufficient assets upon

which the Zepedas could collect. They also argue an expeditious trial date would have allowed Adam Cool to use the criminal sanctions that had been imposed to mitigate the potential exemplary damage award. Finally, the Zepedas argue the Cools were not prejudiced in defending against the claim by the delay.

## II

[¶6] The district court dismissed the Zepedas' action under N.D.R.Civ.P. 41(b). "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." N.D.R.Civ.P. 41(b). "The primary purpose for dismissing an action for failure to prosecute is to prevent unnecessary delays in the disposition of pending cases and to avoid congestion in court calendars by disposing of cases not being seriously prosecuted." *Ternes v. Knispel*, 374 N.W.2d 879, 881 (N.D. 1985) (citations and footnote omitted). Each case is dependent upon its own facts and circumstances, and we recognize there is no precise rule defining what circumstances justify dismissing a claim for failure to prosecute. *Id*. Before dismissing an action for failure to prosecute under N.D.R.Civ.P. 41(b), a court must consider several competing factors including a court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to adverse parties from delay. *Id*. A court must balance these factors against the great reluctance to impose the harsh remedy of dismissal based upon our policy favoring disposition of cases on their merits. *Id*.

[¶7] This Court's review of a district court's decision in weighing the competing factors in assessing a motion to dismiss for lack of prosecution is "quite deferential." *Sturdevant v. Fargo Culvert Co.*, 501 N.W.2d 762, 764 (N.D. 1993). We will not overturn a court's decision to dismiss a claim for failure to prosecute absent an abuse of discretion. *Schroeder v. Praska*, 512 N.W.2d 667, 667 (N.D. 1994).

[¶8] This Court has previously recognized the plaintiff has the duty to prosecute the case, not the defendant. *Sturdevant*, 501 N.W.2d at 764. In *Sturdevant*, at 763, the trial court dismissed an action without prejudice for failure to prosecute after six and one-half years elapsed between the time the

2

complaint was served and the time it was filed with the court. The plaintiff appealed the dismissal arguing the defendant failed to show there was any prejudice resulting in the delay, and the passage of time was not a sufficient basis to dismiss the action. *Id*. We upheld the dismissal concluding, in that particular case, the passage of time alone prejudiced the defendant. *Id*. at 764. We also concluded the absence of any meaningful discovery during the interim was further prejudicial, and the defendant was not expected to incur the expense or inconvenience of conducting discovery if the plaintiff's inaction gave hope or an expectation the case would never be tried. *Id*.

[¶9]   In this case, the district court found the delay of over six years between the service of the complaint and the subsequent filing prejudiced the Cools and warranted dismissal of the Zepedas' action. Based on the nature of a personal injury action and because the case had a strong focus on medical damages, the court found the Cools would have been in a difficult position to marshal a defense against the Zepedas' assessment or claimed damages from an incident occurring over eight years prior. The court noted that the record revealed there was initial email communication between the parties' counsel, but the final communication between the parties prior to the filing of the complaint in January of 2020 occurred on January 30, 2015. The court found Adam Cool's attorney closed the case file and refunded his client's remaining retainer due to the inaction of the case in 2018, and Mason Cool was led to believe the case was over. Moreover, the court found discovery was "virtually nonexistent" except for a limited exchange of medical reports and a surveillance video clip from the night of the incident. When considering whether the existence of the surveillance video clip reduced prejudice to the Cools, the court determined such argument failed to appreciate the case focused on medical damages. The court stated:

> Attempting to litigate this matter now would require Defendants to marshal a defense against medical damages from an incident which occurred eight years prior. The delay has diminished the value of any independent medical examination Defendants may have used to defend against Plaintiffs' assessment or claim of damages.

3

[¶10] The district court balanced the prejudice to the Cools against the strong preference for resolution of claims based on the merits of the case. The court noted a dismissal impacts the health and welfare of the victim, and the Cools' "purported conduct in this case appears to have been repugnant, needlessly violent, and against the public welfare." In balancing the two policies, the court ultimately determined the deliberate delay by the Zepedas caused an unacceptable prejudicial impact on the Cools warranting dismissal of the action.

[¶11] The district court rigorously weighed the competing policies before dismissing the action for failure to prosecute. While courts should be reluctant to dismiss an action without allowing the parties the opportunity to be heard on the merits of the case, our review is deferential to the district court's balancing of the competing policies. Given this Court's deferential review of the district court's decision in weighing the competing policies, we conclude the court did not abuse its discretion in dismissing the Zepedas' case for failure to prosecute under the facts and circumstances of this case.

III

[¶12] The Zepedas also appeal from the order denying their post-judgment motion for "reconsideration" citing the same reasons asserted in the appeal from the involuntary dismissal of the action. While North Dakota law does not formally recognize motions to reconsider, motions for reconsideration may be treated as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment under N.D.R.Civ.P. 60(b). *Ayling v. Sens*, 2019 ND 114, ¶ 20, 926 N.W.2d 147, reh'g denied (July 24, 2019). A district court's denial of a motion for reconsideration will not be reversed on appeal absent an abuse of discretion. *Id.*

[¶13] The Zepedas' motion was titled as a motion for "reconsideration," but they did not specify grounds upon which they relied in their motion. Nonetheless, the district court made specific findings on both N.D.R.Civ.P. 59(j) and 60(b). In its order denying the motion for reconsideration, the court stated the following:

4

> Being fully advised in the premises, the Court determines the Motion lacks merit. To the extent the Motion seeks relief under N.D.R.Civ.P. 59(j), it is untimely. The Motion did not provide any newly discovered evidence or other sufficient basis under N.D.R.Civ.P. 59(j) or 60(b) to warrant reconsideration of the Order Granting Defendants' Motions to Dismiss.

We conclude the court's reasoning is supported by the record, and its decision was the product of a rational mental process and was not arbitrary, unconscionable, or unreasonable. The court did not abuse its discretion in denying the motion seeking reconsideration of the dismissal of the action.

IV

[¶14] Because we apply a deferential review of a district court's decision in weighing the competing policies, we conclude the court did not abuse its discretion when dismissing the action for failure to prosecute. We also conclude the court did not abuse its discretion in denying the Zepedas' subsequent request for reconsideration of the dismissal. We affirm the judgment of the court dismissing the Zepedas' action.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5