FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 6, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 11

In the Matter of the Name Change of Shane Lance Yates

### No. 20210193

In the Matter of the Name Change of Amy Jo Yates

### No. 20210194

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Shane L. Yates, self-represented, Fargo, N.D., appellant; submitted on brief.

Amy Jo Yates, self-represented, Fargo, N.D., appellant; submitted on brief.

## Matter of Shane Lance Yates
## No. 20210193
## and
## Matter of Amy Jo Yates
## No. 20210194

**Tufte, Justice.**

[¶1]   Shane Lance Yates and Amy Jo Yates ("Petitioners") appeal district court orders denying their petitions for name changes and requests for reconsideration. They argue the district court erred in concluding their current names and the names requested were the same names. We affirm.

I

[¶2]   Shane Lance Yates and Amy Jo Yates petitioned the district court to change their respective names from "SHANE LANCE YATES" (in all uppercase letters) to "Shane Lance Yates" and "AMY JO YATES" (in all uppercase letters) to "Amy Jo Yates." They requested the changes to "terminate the guardian-ward relationship and to distinguish from all other aliases, correct any mistakes, errors or identity confusion that exists in relation to the ALL CAPS STATE CREATED NAME." The district court denied the petitions under res judicata because the Petitioners had previously filed identical name change petitions, which had been denied by the court, and "[f]or the reasons set forth in the attached orders." The attached orders included the prior orders denying the Petitioners' identical name changes, and concluded they did not seek to change from one name to another and the requested change would not affect any action or legal proceeding or other right, title, or interest, as was the stated purpose. They requested reconsideration, arguing res judicata did not bar their petitions. The court denied the requests for reconsideration.

II

[¶3]   The Petitioners argue the district court erred in concluding their current names and the names requested were the same names. We review the court's denial of a name change for an abuse of discretion. *Matter of Mees*, 465 N.W.2d

172, 173 (N.D. 1991). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* at 173-74.

[¶4]   The district court has the authority to change a person's name under N.D.C.C. § 32-28-01. Any person desiring to change that person's name may file a petition in the district court, providing that the petitioner is a citizen or permanent resident alien, the petitioner has been a resident of the county for at least six months, and the petitioner provides the reason for the name change and the name requested. N.D.C.C. § 32-28-02(1). The court shall order the name change unless the allegations in the petition are untruthful, the petitioner fails to give a thirty-day notice in the county newspaper, or there is no "proper and reasonable cause" for the name change. N.D.C.C. § 32-28-02(3). "Proper and reasonable cause does not exist if the court determines that the request for a name change is made to defraud or mislead, is not made in good faith, will cause injury to an individual, or will compromise public safety." *Id.* "Any change of name under the provisions of this chapter in no manner shall affect or alter any action or legal proceedings then pending, or any right, title, or interest whatsoever." N.D.C.C. § 32-28-04.

[¶5]   We have said that "a name is a word or combination of words by which an individual is known or designated." *Petition of Dengler*, 246 N.W.2d 758, 761 (N.D. 1976). In *Dengler*, we concluded the name change statute "contemplates a change from one name to another, and not a change from a name to a number." *Id.* at 759, Syl. 3. Relying on *Dengler*, the district court concluded the Petitioners are not requesting a change from one name to another name. On this record, we agree. In effect, the Petitioners request a change in the capitalization of their names from all capital letters to initial capital letters followed by lowercase letters. Petitioners have offered no authority or reasoned argument that there is any legal significance to the capitalization of their names. The district court did not abuse its discretion in denying the petitions.

III

[¶6]   The Petitioners also appeal from the orders denying their requests for reconsideration. North Dakota law does not formally recognize motions to

2

reconsider; however, motions for reconsideration may be treated as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment under N.D.R.Civ.P. 60(b). *Zepeda v. Cool*, 2021 ND 146, ¶ 12, 963 N.W.2d 282. We will not reverse the district court's denial of a motion for reconsideration absent an abuse of discretion. *Id.*

[¶7]   The Petitioners do not identify either Rule 59(j) or 60(b) in their requests for reconsideration, nor do they otherwise specify applicable grounds for relief from the orders as provided in Rule 60(b). They argue res judicata did not bar their petitions, which was a separate and independent reason for the district court's denial. Relying upon its previous rulings that no actual name changes were being sought and no rights would be affected by the name changes, the court denied the Petitioners' requests for reconsideration. Because we concluded the court did not err in denying the name change petitions on the merits, we need not reach whether res judicata also barred the petitions. Thus, the district court did not abuse its discretion in denying the requests for reconsideration.

## IV

[¶8]   We affirm the district court orders denying the petitions for name changes and requests for reconsideration.

[¶9]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte