# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 178

In the Matter of the Estate of Donna Mae Olson, Deceased

| | |
|---|---|
| Kevin Lee Olson, | Petitioner and Appellant |
| v. | |
| Marlis Peterson, Bryan Van Grinsven, and Steffen S. Olson, | Respondents |
| and | |
| Terry L. Olson, | Respondent and Appellee |
| and | |
| Cory L. Preskey and Eric S. Solbakken, | Interested Parties |

## No. 20240078

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Kevin Lee Olson, self-represented, Fargo, N.D., petitioner and appellant; on brief.

Ryan D. Fullerton and Elliot J. Stoll, Fergus Falls, Minnesota, for respondent and appellee; on brief.

**Tufte, Justice.**

[¶1]   Kevin Olson appeals from a district court order dismissing his petition for formal probate of his mother's estate. On appeal, he argues the district court abused its discretion by dismissing his petition under Rule 40(e), N.D.R.Civ.P., for failure to prosecute. We reverse the order dismissing the petition because the record does not show a lack of prosecution for more than a year.

I

[¶2]   "Before we consider the merits of an appeal, we must have jurisdiction." *Kaspari v. Kaspari*, 2023 ND 207, ¶ 4, 997 N.W.2d 621 (citation omitted). "Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if we conclude the attempted appeal fails for lack of jurisdiction." *Id.*

[¶3]   In this case, the district court dismissed Olson's petition without prejudice. "Ordinarily, a dismissal without prejudice is not appealable because either side may commence another action." *Olympic Fin. Grp., Inc. v. N. Dakota Dep't of Fin. Institutions*, 2023 ND 38, ¶ 13, 987 N.W.2d 329 (citation and quotation marks omitted); *see also Runck v. Brakke*, 421 N.W.2d 487, 488 (N.D. 1988) (concluding an order for dismissal for lack of prosecution was not appealable). "A dismissal without prejudice may be final and appealable, however, if the plaintiff cannot cure the defect that led to dismissal or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Olympic Fin. Grp.*, at ¶ 13 (cleaned up).

[¶4]   No formal testacy or appointment proceeding "may be commenced more than three years after the decedent's death." N.D.C.C. § 30.1-12-08. Here, the decedent died on June 2, 2019. If the dismissal stands, Olson will be barred from filing another petition by the statute of limitations. Dismissal of the petition without prejudice effectively forecloses litigation in the courts of this state. *See Jaskoviak v. Gruver*, 2002 ND 1, ¶ 8, 638 N.W.2d 1 (explaining the judgment of dismissal without prejudice "effectively forecloses litigation in the courts of this

state" because Jaskoviak will be barred from bringing another action by the two-year statute of limitation). Therefore, the order dismissing Olson's petition is final and appealable.

## II

[¶5]   Kevin Olson argues the district court abused its discretion by dismissing his petition under N.D.R.Civ.P. 40(e). This Court's review of a district court's decision to dismiss for lack of prosecution is quite deferential. *Zepeda v. Cool*, 2021 ND 146, ¶ 7, 963 N.W.2d 282. "We will not overturn a court's decision to dismiss a claim for failure to prosecute absent an abuse of discretion." *Id.*

[¶6]   On February 8, 2024, the district court issued an order dismissing the petition for probate, explaining:

> A Petition for a Formal Probate of Will was filed in this case on June 2, 2022. The Court entered an Order regarding the Petition on February 2, 2023, which was then appealed to the North Dakota Supreme Court, notice of which was filed on April 10, 2023. The North Dakota Supreme Court dismissed the appeal, which Order was filed on May 3, 2023.
>
> Rule 40(e) of the North Dakota Rules of Civil Procedure provides that on motion or on its own, a Court may dismiss, without prejudice, an action or proceeding that has been pending and filed in which there has been a lack of prosecution for more than one year. The last action in this file at the district court level was the filing of the Order regarding the Petition on February 2, 2023. All action subsequent to that was related to the appeal to the North Dakota Supreme Court, which appeal was ultimately dismissed. Because over one year has now passed in this case with no further action from the petitioner, this case is dismissed without prejudice or costs to any party on the Court's own motion, pursuant to N.D.R.Civ.P. 40(e).

[¶7]   "On motion, or on its own, the court may dismiss, without prejudice, an action or proceeding that has been pending and filed in which there has been a lack of prosecution for more than one year." N.D.R.Civ.P 40(e). "The primary purpose for dismissing an action for failure to prosecute is to prevent unnecessary delays in the disposition of pending cases and to avoid congestion

in court calendars by disposing of cases not being seriously prosecuted." *Zepeda*, 2021 ND 146, ¶ 6 (discussing involuntary dismissal under N.D.R.Civ.P. 41(b)) (citation omitted). "Each case is dependent upon its own facts and circumstances, and we recognize there is no precise rule defining what circumstances justify dismissing a claim for failure to prosecute." *Id.*

[¶8]   Rule 40(e), N.D.R.Civ.P., allows dismissal of an action if "there has been a lack of prosecution for more than one year." The district court entered an order regarding the petition on February 2, 2023. Kevin Olson filed a notice of appeal of that order on April 10, 2023. We dismissed the appeal on May 3, 2023. Kevin Olson made multiple filings thereafter in pursuit of the appeal in the underlying case docket. The last filing occurred on May 22, 2023. The district court ordered dismissal of the petition on February 9, 2024, explaining, "The last action in this file at the district court level was the filing of the Order regarding the Petition on February 2, 2023. All action subsequent to that was related to the appeal." The district court misinterpreted or misapplied the law.

[¶9]   The appeal of this action was a continuation of the district court action. *See* N.D.C.C. § 28-05-10 ("A civil action in a district court is deemed to be pending from the time of its commencement until its final determination upon appeal or until the time for appeal has passed, unless the judgment is sooner satisfied."); N.D.C.C. § 28-27-01 (An "order in a civil action . . . in any of the district courts may be removed to the supreme court by appeal."); N.D.C.C. § 32-01-02 ("An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."); *see also, e.g.,* *Johnson v. Menard, Inc.*, 2021 ND 19, ¶ 24, 955 N.W.2d 27 (explaining a prevailing plaintiff's entitlement to attorney's fees after removal to district court "includes attorney's fees when the action continues to an appeal"). A year had not passed since the notice of appeal and related documents were filed. The record does not show a lack of prosecution for more than one year. The district court abused its discretion by prematurely dismissing the petition under N.D.R.Civ.P. 40(e).

3

## III

[¶10] The remaining arguments are either without merit or unnecessary to our decision. We reverse the district court order dismissing the petition.

[¶11] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr