# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 93

In the Matter of the Petition for a Name Change of Travis Lee Robinson

## No. 20250057

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Jason J. Hammes, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Travis L. Robinson, self-represented, Bismarck, ND, petitioner and appellant; submitted on brief.

**Matter of Robinson**
**No. 20250057**

**McEvers, Justice.**

[¶1] Travis Robinson appeals from an order denying his petition for name change. We affirm, concluding the district court did not abuse its discretion denying the petition because Robinson has failed to satisfy the heightened standard under N.D.C.C. § 32-28-02(2) requiring a person with a felony conviction to prove by clear and convincing evidence that the name change request is not based upon an intent to defraud or mislead, is made in good faith, will not cause injury to an individual, and will not compromise public safety.

I

[¶2] In February 2025, Robinson petitioned to change his last name from "Robinson" to "Monigold." He stated in his affidavit that "Monigold" was his and his father's original last name. He also included the results of a criminal background check. Robinson did not request a hearing. The district court denied the petition, concluding Robinson failed to establish by clear and convincing evidence that "the request is not based upon an intent to defraud or mislead, is made in good faith, will not cause injury to an individual, and will not compromise public safety." The court noted it was "particularly concerned" with his "extensive criminal history which includes convictions for gross sexual imposition and failing to register as a sexual offender." The court found there was no proper and reasonable cause to change the name. The court further found that Robinson failed to provide notice through newspaper publication as required by statute.

II

[¶3] Robinson argues the district court erred in denying his petition because the name change request was made in good faith, not to defraud, and does not pose a public safety risk. He contends the "Monigold" name "holds familial and personal significance," and he was transparent with the court by disclosing his criminal history. "We review the court's denial of a name change for an abuse of discretion." *Matter of Yates*, 2022 ND 11, ¶ 3, 969 N.W.2d 195. "A court abuses its

1

discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.*

[¶4] The district court has the authority to change a person's name. N.D.C.C. § 32-28-01. The name change petition must state the person is a United States citizen or permanent resident alien, and resident of the county for at least six months; the reason for the name change; and the name requested. N.D.C.C. § 32-28-02(1). In general, the court must order the name change if there is "proper and reasonable cause" for the change, and "thirty days' previous notice of the intended application has been given in the official newspaper of the county in which the petitioner resides." N.D.C.C. § 32-28-02(3). "Proper and reasonable cause does not exist if the court determines that the request for a name change is made to defraud or mislead, is not made in good faith, will cause injury to an individual, or will compromise public safety." *Id.* "The court may waive publication of the notice when the proposed change relates only to a first or given name as distinguished from a surname or upon evidence satisfactory to the court that the petitioner has been the victim of domestic violence[.]" *Id.*

[¶5] When a petition for name change is filed, the court "shall determine whether the petitioner has a criminal history" and "may require the petitioner to submit to a statewide and nationwide criminal history record check." N.D.C.C. § 32-28-02(2). For a person convicted of a felony, a presumption and heightened standard apply:

> If the individual petitioning for a name change has a felony conviction under a law of this state or a law of another state or the federal government, the request is presumed to be made in bad faith, to defraud or mislead, to cause injury to an individual, or to compromise public safety. The name change may not be granted unless the individual requesting the name change proves by clear and convincing evidence that the request is not based upon an intent to defraud or mislead, is made in good faith, will not cause injury to an individual, and will not compromise public safety.

*Id.*

[¶6] The district court concluded that Robinson failed to overcome the presumption that the name change request was made in bad faith, to defraud or mislead, to cause injury to an individual, or to compromise public safety. Specifically, the court found he had an "extensive criminal history," which includes felony convictions for gross sexual imposition and failing to register as a sexual offender. The criminal background report supports this finding, and Robinson does not challenge the finding. Other than his own statements that he is acting in good faith and is merely seeking to revert to his original last name, Robinson has not shown his request was not based upon an intent to defraud or mislead, is made in good faith, will not cause injury to an individual, and will not compromise public safety. Rather, as shown through his multiple convictions for failing to register as a sexual offender, Robinson has a record of evading the sex offender registration requirements. These past instances of evading registration are relevant to his current request to change his last name and contrary to his argument that he is making the request in good faith, not to defraud, mislead, or harm. Ultimately, he has failed to overcome the presumption against him and to make his clear and convincing showing. We conclude the court did not abuse its discretion in denying the name change petition.

III

[¶7] Because Robinson has failed to overcome the presumption that the name change request was made in bad faith, to defraud or mislead, to cause injury to an individual, or to compromise public safety, we need not address the district court's additional reason for denying the petition: failure to provide notice through newspaper publication. The order denying the petition for name change is affirmed.

[¶8]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr